NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVERILDO LOPEZ LOPEZ; RUDY ARMANDO LOPEZ CANO,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 20-72131

Agency Nos.
A208-306-150
A208-306-151

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2026**
Pasadena, California

Before: LEE, KOH, and DE ALBA, Circuit Judges.

Everildo Lopez Lopez and his son, Rudy Armando Lopez Cano, (collectively,

"Petitioners") are natives and citizens of Guatemala who petition for review of the

Board of Immigration Appeals' ("BIA") dismissal of Petitioners' appeal of an

Immigration Judge's ("IJ") denial of Petitioners' application for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

"We review the BIA's decision and those parts of the IJ's decision that the BIA expressly adopted." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). We review the BIA's factual determinations for substantial evidence and "reverse only if the evidence compels a conclusion contrary to the BIA's." *Id.* We review the BIA's legal determinations de novo. *Id.*

1. With respect to asylum, the IJ determined that Petitioners were not eligible because Petitioners failed to file their I-589 application within the one year filing deadline and failed to establish an exception to that deadline. *See Singh v. Holder*, 656 F.3d 1047, 1052 (9th Cir. 2011) (explaining that an applicant must file an asylum application within one year after arriving in the United States unless they establish "(1) changed circumstances that materially affect the applicant's eligibility for asylum or (2) extraordinary circumstances directly related to the delay in filing an application" (citing 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i), (5)). Petitioners failed to address the IJ's time bar determination in Petitioners' brief to the BIA. The BIA therefore deemed any challenge to the time bar issue waived on appeal. Because Petitioners' petition for review to our court does not contest the

---

[1]    Petitioners originally filed separate applications that were consolidated into a single application because the facts and circumstances of their cases overlapped.

2

BIA's dispositive waiver determination on the time bar issue, we deny the petition as to Petitioners' asylum claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not discussed in an opening brief are deemed waived).

2.     With respect to withholding of removal, the IJ found that Petitioners were not credible based on inconsistences in their testimonies and application. Petitioners failed to address the IJ's adverse credibility determination in Petitioners' brief to the BIA. The BIA therefore deemed any challenge to the adverse credibility finding waived on appeal. Because Petitioners' petition for review to our court does not contest the BIA's dispositive waiver determination on the adverse credibility finding, we deny the petition as to Petitioners' withholding of removal claim. *See id.*

The IJ also found Petitioners not credible in the context of their asylum claims. Because Petitioners waived any challenge to the IJ's adverse credibility finding before the BIA and have failed before this court to challenge the BIA's waiver determination as to the IJ's adverse credibility finding, Petitioners' asylum claim additionally fails for the same reason as their withholding of removal claim.

3.     Substantial evidence supports the BIA's denial of Petitioners' CAT claim. To qualify for CAT protection, an applicant must establish that, if removed, "it is more likely than not that he or she would be tortured" by or with the consent or acquiescence of a public official in the country of removal. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Here, although Petitioners alleged harm by gang

members, Petitioners did not report that alleged harm to the police. Petitioners offered only generalized statements about Guatemalan government corruption and government officials' unwillingness to help them. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) ("Generalized evidence of violence in a country is itself insufficient to establish that anyone in the government would acquiesce to a petitioner's torture."); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). The evidence in the record therefore does not compel the conclusion that the BIA erred in holding that Petitioners failed to establish eligibility for CAT protection.

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.